Jonathan M. MOORE, Appellant

v.

Warden Scott DODRILL.

No. 05–5467.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal Under
28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit LAR 27.4 and
I.O.P. 10.6 June 2, 2006.

Filed June 19, 2006.

Jonathan M. Moore, Pine Knot, KY, pro
se.

Kate L. Mershimer, Harrisburg, PA, for
D. Scott Dodrill.

Before RENDELL, AMBRO and
GREENBERG, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Jonathan M. Moore appeals from an or-
der denying his petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2241. The
District Court denied the petition on the
merits. Because the District Court lacked
jurisdiction to consider the petition, we will
vacate the District Court's order and re-
mand the matter so that the District Court
can dismiss the petition.

In 1993, Moore pled guilty in the North-
ern District of Ohio to bank robbery and
violating 18 U.S.C. § 924(c). Section
924(c) makes it a crime for any person who
uses or carries a firearm during and in
relation to any crime of violence. The
indictment charged Moore under both the
using and carrying prongs of § 924(c). Af-
ter Moore withdrew his direct appeal, he
filed a motion to vacate, set aside or cor-
rect his sentence pursuant to 28 U.S.C.
§ 2255. The District Court denied the

motion, and the United States Court of Appeals for the Sixth Circuit affirmed.

In December 2003, Moore filed this petition for writ of habeas corpus in the Middle District of Pennsylvania, attempting to challenge his conviction under § 924(c).[1] Moore contends that he did not use the firearm within the meaning of the statute pursuant to *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).[2] The District Court found that it had jurisdiction to consider the petition.[3] Subsequently, Moore moved to amend his petition to add a claim that his sentence was unconstitutional pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The District Court denied Moore's § 2241 petition on the merits and denied his motion to amend the petition. Moore timely filed a notice of appeal.[4]

A federal prisoner's challenge to the legality of his sentence and conviction must be raised in a § 2255 motion, except where the remedy under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997); see also *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002)(per curiam)(stating a § 2241

habeas petition cannot be entertained by the court unless a § 2255 motion would be inadequate or ineffective). A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates some limitation in scope or procedure which would prevent a § 2255 proceeding from affording him a full adjudication on his wrongful detention claim. See *Cradle*, 290 F.3d at 538 (citations omitted). Section 2255 is ineffective or inadequate where a petitioner is in the unusual position of having no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. See *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002).

Relying on *Dorsainvil*, Moore argues that § 2255 is inadequate or ineffective to consider his *Bailey* claim. In *Dorsainvil*, this Court stated that the petitioner could bring a *Bailey* claim under § 2241 because he did not have the opportunity to challenge his conviction under § 2255 for a crime that *Bailey* subsequently negated. See 119 F.3d 245. Under the current circumstances however, Moore's reliance on *Dorsainvil* is misplaced. *Bailey* did not implicate the "carrying" prong of § 924(c). See *United States v. Eyer*, 113 F.3d 470,

---

1. At the time the petition was filed, Moore was incarcerated at USP–Lewisburg in Lewisburg, Pennsylvania. He has since been transferred to USP–McCreary in Pine Knot, Kentucky.

2. In *Bailey*, the Supreme Court stated that a defendant could not be convicted of "using" a firearm under § 924(c) unless he actively employs the firearm. 516 U.S. at 143, 116 S.Ct. 501. *Bailey* was decided after Moore's § 2255 motion was adjudicated and is retroactively applied to cases on collateral review. See *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

3. After deciding that it had jurisdiction to consider the petition, the District Court trans-

ferred the case to the Northern District of Ohio. However, the Northern District of Ohio subsequently transferred the case back to the Middle District.

4. Our review is plenary over the District Court's legal conclusions and clearly erroneous as to its factual findings. See *Lambert v. Blackwell*, 134 F.3d 506, 512, (3d Cir.1998). The standard of review over a denial of a motion to amend is abuse of discretion. See *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000) (citations omitted). Summary action is warranted when no substantial question is presented by the appeal. See *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir.2002)(per curiam).

475–76 (3d Cir.1997)(noting that *Bailey* is not implicated where petitioner was clearly convicted of carrying a firearm). As previously noted, Moore pled guilty to both "using" and "carrying" a firearm in violation of § 924(c). Moore's *Bailey* claim does not fall under the *Dorsainvil* exception because he has not shown that there has been an intervening change in substantive law that negated the criminal nature for which he pled guilty (i.e., carrying a firearm during and in relation to a crime of violence). See *Muscarello v. United States,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998)(detailing what constitutes carrying under § 924(c)). Therefore, the District Court lacked jurisdiction to consider the § 2241 petition.[5]

In conclusion, Moore has failed to show that § 2255 is inadequate or ineffective to consider his claims. Thus, the District Court lacked jurisdiction to consider the § 2241 habeas petition. For these reasons, we will vacate the District Court's December 8, 2005 order and remand so that the District Court can enter an order dismissing the petition for lack of jurisdiction.

---

**5.** Additionally, Moore has not shown that § 2255 is inadequate or ineffective to consider the *Booker* claim raised in his motion to amend the § 2241 petition. We also note that the rule announced in *Booker* does not apply retroactively to cases on collateral review. See *Lloyd v. United States,* 407 F.3d 608, 615–16 (3d Cir.2005); *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir.2005).